SCHIFF HARDIN LLP
Stephen M. Hankins (CSB # 154886)
Sarah D. Youngblood (CSB # 244304)
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA 94105
Telephone:    (415) 901-8700
Facsimile:    (415) 901-8701
Email: shankins@schiffhardin.com
       syoungblood@schiffhardin.com

Attorneys for Plaintiff
CAVEMAN FOODS, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAVEMAN FOODS, LLC, | Case No. |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **1) TRADEMARK INFRINGEMENT;** |
| ANN PAYNE'S CAVEMAN FOODS, LLC, | **2) FEDERAL UNFAIR COMPETITION; and** |
| Defendant. | **3) CALIFORNIA STATUTORY UNFAIR COMPETITION** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff CAVEMAN FOODS, LLC ("Caveman"), for its complaint against Defendant ANN PAYNE'S CAVEMAN FOODS, LLC, ("Defendant"), respectfully allege as follows:

**PARTIES**

1. Plaintiff Caveman Foods, LLC ("Plaintiff or Caveman") is a corporation organized under the laws of the State of California, having its principal place of business at 2950 Buskirk Ave, Suite 170, Walnut Creek, CA 94597.

2. Upon information and belief, Defendant is a Pennsylvania limited liability company having a place of business at 773 Sugartown Road, Malvern, PA 19355.

## JURISDICTION

3. This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051 et seq., and under California State law. This Court has subject matter jurisdiction over the federal trademark and unfair competition claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367. This Court has subject matter jurisdiction over the related California state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

4. This Court has federal question jurisdiction over the underlying claim pursuant to 28 U.S.C. §§ 1331, 1332 and 1338.

5. Plaintiff is informed and believes, and on the basis alleges, that this Court has personal jurisdiction over the Defendant because it has extensive contacts with, and conducts business within, the State of California and this judicial district; and Defendant has caused harm in this judicial district under the ANN PAYNE'S CAVEMAN FOODS trademark ("Defendant's Mark").

## VENUE

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events giving rise to the claims herein occurred in this judicial district; the Defendant has caused the ANN PAYNE'S CAVEMAN FOODS product to be advertised, promoted, and sold in this judicial district; and because the Defendant has caused tortious injury to Plaintiff in this judicial district.

## INTRA-DISTRICT ASSIGNMENT

7. A substantial part of the events or omissions that give rise to the claims herein occurred in the County of Sacramento and, therefore, this matter is properly assigned to the United States District Court for the Eastern District of California, Sacramento Division.

## ALLEGATIONS COMMON TO ALL COUNTS

### Plaintiff's Business and Trademark

8. Plaintiff is a well-known producer of healthy foods and dietary and nutritional supplements throughout the United States. The Plaintiff's health foods and dietary and nutritional supplements are based upon the Paleolithic Diet. Plaintiff coined the mark CAVEMAN DIET®

to identify these products, which are based on a diet consisting of fish, grass-fed pasture raised meats, vegetables, fruit, roots, and nuts, and excludes grains, legumes, dairy products, salt, refined sugar, and processed oils. Plaintiff's first product, dietary food supplements consisting of fresh, canned, frozen, or dried fruits, nuts, seeds, berries, vegetables and meat products, was marketed as CAVEMAN DIET® brand dietary food supplements, was first introduced in August 2002, and was first sold in interstate commerce under the CAVEMAN DIET® trademark on August 24, 2005.

9. Plaintiff's CAVEMAN DIET® brand dietary food supplements, along with Plaintiff's other CAVEMAN brand products, are well-known and respected brands, both among consumers, retailers, and within the natural food industry.

10. Plaintiff is the owner of two (2) active U.S. trademark registrations for formatives of CAVEMAN in connection with, among other things, products for healthy living, including health foods and dietary and nutritional supplements.

11. Plaintiff's U.S. trademark registration No. 3,068,863 for the mark CAVEMAN DIET® claims, "dietary food supplements consisting of fresh, canned, frozen, or dried fruits, nuts, seeds, berries, vegetables and meat products" in Class 5. This registration issued March 14, 2006, and claims a date of first use in commerce of August 24, 2005. On March 6, 2012, the United States Patent and Trademark Office accepted Plaintiff's declaration of use or excusable nonuse and the declaration of incontestability for the CAVEMAN DIET® registration. As a result of this long and exclusive use, CAVEMAN DIET® has acquired distinctiveness in the minds of relevant consumers. A true and correct copy of this registration is attached as Exhibit A.

12. Plaintiff's U.S. Trademark Registration No. 3,403,446 for the mark CAVEMAN JERKY REAL BEEF JERKY & Design® claims, "beef slices; dried beef slices; beef jerky" in Class 29. This registration issued March 25, 2008, and claims a date of first use in commerce of May 24, 2006. A true and correct copy of this registration is attached as Exhibit B.

13. Plaintiff is the owner of eight (8) U.S. Trademark Applications for formatives of the mark CAVEMAN, including CAVEMAN FOODS, in connection with goods relating to

dietary and food supplements and various food products for healthy living (collectively, along with its two U.S. trademark registrations, "Plaintiff's Marks").

14. Plaintiff's U.S. trademark Application No. 77/806460 for the mark CAVEMAN CUISINE claims "dietary and nutritional supplements" in Class 5. This application was filed on August 17, 2009. A true and correct copy of this application is attached as Exhibit C.

15. Plaintiff's U.S. trademark Application No. 77/970168 for the mark CAVEMAN SNAX claims "dietary and nutritional supplements" in Class 5. This application was filed on March 26, 2010. A true and correct copy of this application is attached as Exhibit D.

16. Plaintiff's U.S. trademark Application No. 85/107880 for the mark CAVEMAN NUTS claims "dietary food supplements" in Class 5. This application was filed on August 15, 2010. A true and correct copy of this application is attached as Exhibit E.

17. Plaintiff's U.S. trademark Application No. 85/107869 for the mark CAVEMAN CRUNCH claims "dietary and nutritional supplements" in Class 5. This application was filed on August 15, 2010. A true and correct copy of this application is attached as Exhibit F.

18. Plaintiff's U.S. trademark Application No. 85/113069 for the mark CAVEMAN KIDS claims "dietary and nutritional supplements" in Class 5. This application was filed on August 22, 2010. A true and correct copy of this application is attached as Exhibit G.

19. Plaintiff's U.S. trademark Application No. 85/268541 for the mark CAVEMAN FOODS claims "dietary food supplements" in Class 5; "jerky; trail mix consisting primarily of nuts, seeds, and dried fruit; nut meats; breakfast cereals; fruit-based raw food bars; meat-based snack foods; fruit- and nut-based food bars; vegetable-based raw food bars; frozen, prepared and packaged meals consisting primarily of meat, fish, poultry or vegetables; dried fruit-based snacks; nut and seed-based snack bars; protein based, nutrient-dense snack foods" in Class 29, and; "cereal based energy bars" in Class 30. This application was filed on March 16, 2011. A true and correct copy of this application is attached as Exhibit H.

20. Plaintiff's U.S. trademark Application No. 85/317198 for the mark CAVEMAN TRAIL MIX claims "jerky, trail mix consisting primarily of nuts, seeds, and dried fruit; nut

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -   CASE NO.

COMPLAINT; DEMAND FOR JURY TRIAL

meats" in Class 29. This application was filed on May 10, 2011. A true and correct copy of this application is attached as Exhibit I.

21. Plaintiff's U.S. trademark Application No. 85/320308 for the mark CAVEMAN JERKY claims "jerky" in Class 29. This application was filed on May 13, 2011. A true and correct copy of this application is attached as Exhibit J.

22. Plaintiff has provided dietary food supplements consisting of fresh, canned, frozen, or dried fruits, nuts, seeds, berries, vegetables and meat products, since at least as early as August 2005, and has spent significant amounts of time and money promoting and advertising formatives of CAVEMAN in connection with these and similar goods.

23. As a result of the significant sales, promotion, and use of formatives of the CAVEMAN brand, Plaintiff's Marks have become widely recognized by the general consuming public of the United States as a designation of source of the goods of Plaintiff. Plaintiff has spent and continues to spend money promoting and advertising its CAVEMAN brand, and the goods provided thereunder. As a result of such promotion and advertising coupled with the reputation of the high quality of Plaintiff's goods, Plaintiff's Marks have attained goodwill among consumers nationally. Plaintiff's Marks and the goodwill of the business associated therewith are of inestimable value to Plaintiff.

### Defendant's Business and Trademark

24. Upon information and belief, Defendant is in the business of selling beverages, namely organic water, under the ANN PAYNE'S CAVEMAN FOODS trademark. The Defendant alleges its product is consistent with the principles of the Paleolithic Diet, which is to produce natural and organic foods for human consumption.

25. Upon information and belief, Defendant advertises and sells its product bearing the mark ANN PAYNE'S CAVEMAN FOODS on the Internet, by attending exhibitions and trade shows, and through retailing sales and marketing throughout the United States, including this District.

26. As evidenced by Defendant's marketing, Defendant uses the terms CAVEMAN FOODS as a product identifier and indicator of source. A true and correct copy of a screen print

of an Internet webpage at a domain that, upon information and belief, is owned and controlled by Defendant, is attached hereto as Exhibit K.

### FIRST CLAIM FOR RELIEF

(Trademark Infringement)

27. Caveman incorporates by reference the allegations of paragraphs 1 through 26 as if fully set forth in this paragraph.

28. Defendant's activities, as described herein, constitute infringement of Plaintiff's Marks in violations of the Lanham Act, including, but not limited to, 15 U.S.C. § 1114.

29. Defendant's use of the ANN PAYNE'S CAVEMAN FOODS trademark is likely to result in consumer confusion, and has resulted in actual confusion, as to the source, sponsorship, ownership or affiliation of the goods identified by Plaintiff's Marks.

30. Defendant's promotion, advertising, distribution, sale, and/or offering for sale of its ANN PAYNE'S CAVEMAN FOODS product is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, affiliation of said products, and is intended, and is likely to cause such parties to believe in error that the Defendant's products have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff, or that Defendant is in someway affiliated with Plaintiff.

31. Defendant's use of Plaintiff's Marks was willful and deliberate, and intended to trade upon the goodwill and reputation appurtenant to Plaintiff's Marks.

32. As a result of Defendant's wrongful conduct, Plaintiff has suffered substantial loss, including, but not limited to, damage to its business reputation and goodwill. Plaintiff is entitled to recover damages, which include its losses and all profits Defendant has made as a result of its wrongful conduct, pursuant to 15 U.S.C. § 1117(a).

33. In addition, because Defendant's infringement of Plaintiff's Marks was willful within the meaning of the Lanham Act, the award of damages and profits should be trebled pursuant to 15 U.S.C. § 1117(b).

34. Plaintiff is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

35. Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

36. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using the ANN PAYNE'S CAVEMAN FOODS trademark, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## SECOND CLAIM FOR RELIEF

(Federal Unfair Competition)

37. Caveman incorporates by reference the allegations of paragraphs 1 through 36 as if fully set forth in this paragraph.

38. The conduct complained of herein constituted federal unfair competition, false designation of origin, and common law trademark infringement pursuant to 15 U.S.C. § 1125(a).

39. Defendant's promotion, advertising, distribution, sale, and/or offering for sale of its ANN PAYNE'S CAVEMAN FOODS product is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, affiliation of said products, and is intended, and is likely to cause such parties to believe in error that the Defendant's products have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff, or that Defendant is in some way affiliated with Plaintiff.

40. As a result of the illegal conduct of the Defendant as described herein, Plaintiff has been damaged in an amount yet to be determined.

41. Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

42. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using the ANN PAYNE'S CAVEMAN FOODS trademark, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a

result of its infringing acts alleged above in an amount not yet known, as well as the costs of this action.

### THIRD CLAIM FOR RELIEF

(California State Unfair Competition)

43. Caveman incorporates by reference the allegations of paragraphs 1 through 42 as if fully set forth in this paragraph.

44. The conduct complained herein constitutes unfair competition within the meaning of California Business and Professions Code § 17200 *et seq.* and, as a result, Plaintiff has suffered and will continue to suffer damage to its business, reputation, and goodwill.

45. Defendant should therefore be required to disgorge all profits and unjust gains obtained through its acts of unfair competition.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Caveman prays for the following relief:

A. That Plaintiff be granted temporary, preliminary, and permanent injunctive relief under 15 U.S.C. § 1051 et seq.; California Business and Professions Code §§ 17200 and 17500 *et seq.*; and federal law and California common law of trademark infringement; specifically, that Defendant and all of its respective officers, agents, servants, representatives, employees, attorneys, and all other persons acting in concert with them be enjoined from:

1. using any formatives of the CAVEMAN mark, or any mark confusingly similar to the Plaintiff's CAVEMAN marks, in connection with the marketing, promotion, advertising, sale, or distribution of any food or beverage products;

2. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the ANN PAYNE'S CAVEMAN FOODS mark, or any mark confusingly similar;

3. engaging in any other activity constituting unfair competition with Plaintiff, or acts and practices that deceive consumers, the public, and/or trade, including, including without limitation, the use of designations and formatives of CAVEMAN associated with Plaintiff;

    4. committing any other act which falsely represents or which has the effect of falsely representing that the goods and/or services of Defendant are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with the Plaintiff;

  B. Ordering the Defendant to recall from any distributors and retailers and to destroy or dispose of all remaining inventory of all infringing products, including all advertisements, promotional and marketing materials, as well as the means of making the same;

  C. Defendant shall be liable to Plaintiff for all profits Defendant has derived from selling any products identified with the ANN PAYNE'S CAVEMAN FOODS mark in the United States, or a colorable imitation thereof;

  D. Awarding Plaintiff all the damages sustained by Plaintiff as a result of Defendant's wrongful acts, and other such compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

  E. Defendant shall be liable for Plaintiff's reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

  F. For an award of Plaintiff's court costs;

  G. Such other and further relief as available by law and as the Court shall deem just, fair and proper.

Dated: April 25th, 2012    SCHIFF HARDIN LLP


By: /s/ Sarah Youngblood
Sarah D. Youngblood
Attorneys for Plaintiff
CAVEMAN FOODS, LLC

## DEMAND FOR JURY TRIAL

Plaintiff CAVEMAN FOODS, LLC hereby requests a jury trial on all claims and defenses so triable.

Dated: April 25th, 2012

SCHIFF HARDIN LLP

By: *Sarah Youngblood*
Sarah D. Youngblood
Attorneys for Plaintiff
CAVEMAN FOODS, LLC

CH2\11229917.1