UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CAVEMAN FOODS, LLC,<br><br>    Plaintiff,<br><br>   v.<br><br>ANN PAYNE'S CAVEMAN FOODS, LLC,<br><br>    Defendant. | No. Civ. S-12-1112 WBS<br><br>**ORDER** |

----oo0oo----

Before permitting an attorney to withdraw, leaving his or her client unrepresented, it is this court's practice to assure that the client understands and assents to the consequences of being unrepresented by counsel. Where the client is a corporate defendant, those consequences are dire. Because a corporation may appear only by an attorney (See Local Rule 183(a); D-Beam Ltd. Partnership v. Roller Derby Skates, Inc., 366 F.3d 972 (2004)) an unrepresented corporation cannot file any pleadings, make or oppose any motions, or present any evidence to contest liability.

Because the court was prevented from making those

1

1  assurances here, it will deny without prejudice the motion of
2  Nancy Rubner Frandsen, Jacqueline M. Lesser and Kevin M. Bovard,
3  and the firm, Baker & Hostetler, LLP to withdraw as counsel of
4  record for defendant, Ann Payne's Caveman Foods, LLC ("Ann
5  Payne").  Ms. Frandsen and a representative of Ann Payne were
6  permitted to appear by telephone at the hearing on the motion,
7  but the corporation's representative was instructed by his
8  personal attorney not to answer any questions or speak to the
9  court.

10        When the court attempted to explain the consequences of
11 being unrepresented by counsel to the corporate representative,
12 his personal attorney would not allow him to tell the court
13 whether he understood.  Ms. Frandsen has represented to the
14 court, based on hearsay information, that Ann Payne has ceased
15 all business operations and that there are no assets available
16 for distribution to creditors, but the court was unable to verify
17 that representation.  The court was even unable to verify that
18 the individual on the phone was a proper representative of Ann
19 Payne.

20        Under these circumstances, the motion to withdraw
21 (Docket No. 43) is DENIED, without prejudice to its being renewed
22 under circumstances where the court can verify that the client
23 understands and assents to the full consequences of the motion
24 being granted.

25 Dated:  April 8, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

2