UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CAVEMAN FOODS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANN PAYNE'S CAVEMAN FOODS, LLC,<br><br>　　　　　Defendant. | Civ. No. 2:12-1112 WBS DAD<br><br>MEMORANDUM AND ORDER RE: <u>RENEWED MOTION TO WITHDRAW AS COUNSEL</u> |

----oo0oo----

　　　　Plaintiff Caveman Foods, LLC, a California limited liability company, filed this action against defendant Ann Payne's Caveman Foods, LLC, a Pennsylvania limited liability company, asserting claims for trademark infringement and unfair competition.  Presently before the court is defense counsel Nancy Rubner Frandsen, Jacqueline M. Lesser, Kevin M. Bovard, and the law firm of Baker & Hostetler, LLP's ("Baker") renewed motion to withdraw as counsel of record for defendant.  (Docket No. 57.)  For the reasons discussed below, the court DENIES Baker's motion.
///

1

I.   Procedural History

Baker filed its first motion for withdrawal in February 2014, reporting that defendant notified Baker that it had ceased all business operations and had no assets available for distribution to creditors. Baker stated that defendant also terminated Baker's services and consented to Baker's motion for withdrawal. (Docket Nos. 43, 46.) During the hearing on that motion in April 2014, someone represented to be defendant's corporate representative, George Sampson, and his personal attorney appeared by telephone. (Docket No. 54.) Sampson's attorney, however, instructed him not to answer any questions or speak to the court. As a result, the court could not verify whether the individual on the phone was a proper representative of defendant, whether defendant had ceased its business operations and terminated Baker, and whether defendant understood and assented to the consequences of being unrepresented by counsel. The court denied Baker's motion for withdrawal without prejudice to renewing the motion under circumstances where the court can verify that information. (Order at 2 (Docket No. 55).)

Over one year later in August 2015, Baker brings this renewed motion to withdraw. Baker represents that it did not undertake any work in this action after its first motion for withdrawal was denied in April 2014. (Frandsen Decl. ¶¶ 3-5 (Docket No. 57-2).) Baker further states that defendant "is no longer an active company" and "has no office, telephone, email, employees, or forwarding contact information in the United States." (Id. ¶ 6.) Baker says that it sent notice of this motion to defendant's registered office in Pennsylvania and to

1   the last-known email address of one of defendant's former
2   representatives.  (Id. ¶¶ 7, 9, Ex. A.)  That notice advises
3   defendant that as an entity it may not appear unrepresented and
4   further warns that defendant's failure to obtain substitute
5   counsel could result in the entry of default or default judgment
6   against it.  (Id.)  Plaintiff has filed a statement of non-
7   opposition to this motion, but only on the condition that a grant
8   of the motion require defendant to obtain substitute counsel
9   within thirty days.  (Docket No. 59.)

## II.  Legal Standard

Eastern District of California Local Rule 182(d) provides that "an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court." The Local Rules provide that attorneys before the court are subject to the California Rules of Professional Conduct ("Rules"), regardless whether they are admitted to the California State Bar.  Id.; see E.D. Cal. L.R. 180(b)(2)(iv), (e).

An attorney's permissive withdrawal is within the sound discretion of the trial court.  See United States v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009).  The court may consider: (1) the reasons for withdrawal, (2) the prejudice that withdrawal may cause, (3) the harm to the administration of justice, and (4) the extent to which withdrawal will cause undue delay.  CE Res., Inc. v. Magellan Grp., LLC, Civ. No. 2:08-2999 MCE KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009).  Rule 3-700 provides several grounds under which an attorney may seek to withdraw, including where the "client knowingly and freely assents to the termination of the employment," id. 3-700(C)(5), or where the

1  client "renders it unreasonably difficult for the [attorney] to
2  carry out the employment effectively," id. 3-700(C)(1)(d).

3        However, before an attorney can withdraw for any
4  reason, Rule 3-700(A)(2) requires the attorney take "reasonable
5  steps to avoid reasonably foreseeable prejudice to the rights of
6  the client, including giving due notice to the client, allowing
7  time for employment of other counsel, complying with rule
8  3-700(D)[1], and complying with applicable laws and rules."  Accord
9  Nehad v. Mukasey, 535 F.3d 962, 970 (9th Cir. 2008).  "[W]here an
10 attorney seeks to withdraw based on an inability to locate his or
11 her client, compliance with Rule 3-700(A)(2) requires the
12 attorney to 'expend a reasonable amount of time and funds so as
13 to insure that the attorney makes a diligent effort to locate the
14 client.'"  El Hage v. U.S. Sec. Assocs., Civ. No. C06-7828 TEH,
15 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007) (quoting State
16 Bar of Cal. Standing Comm. on Prof'l Resp. & Conduct, Formal
17 Opinion No. 1989-111 at 2).

18       Before permitting counsel to withdraw, it is also this
19 court's practice to ensure that the client understands and
20 assents to the consequences of being unrepresented by counsel.
21 Where the client is a corporation or unincorporated association,
22 those consequences are dire.  While individuals may appear in
23 propria persona, corporations and other entities may appear only
24 through an attorney; an unrepresented entity cannot file any
25 pleadings, make or oppose any motions, or present any evidence to

---

[1] Rule 3-700(D) provides that an attorney "whose employment has terminated shall . . . promptly release to the client, at the request of the client, all the client papers and property" and "[p]romptly refund any part of a fee paid in advance that has not been earned."

4

contest liability.  See Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993); D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973-74 (9th Cir. 2004); E.D. Cal. L.R. 183(a).  An unrepresented entity is thus subject to the entry of default and default judgment.  See Emp. Painters' Trust v. Ethan Enters., Inc., 480 F.3d 993, 998 (9th Cir. 2007).

III. Analysis

Baker seeks to withdraw on the ground that in February 2014, defendant terminated Baker's services and consented to Baker's first motion for withdrawal.  (Frandsen Decl. ¶¶ 3-4.)  Although Rule 3-700(C)(5) permits an attorney to withdraw if the "client knowingly and freely assents to termination of the employment," a client's assent alone does not require the court to grant a motion for withdrawal.  Magellan, 2009 WL 3367489, at *2.  To date, the court is unable to verify Baker's representations or assure that defendant fully understands and assents to the full consequences of Baker's withdrawal.  Nor does defendant's purported knowledge and consent regarding Baker's first motion for withdrawal, which was denied over one year ago, establish that defendant is aware of and consents to Baker's present motion.  Baker has thus failed to demonstrate good cause for its withdrawal under Rule 3-700(C)(5).

Baker also requests withdrawal under Rule 3-700(C)(1)(d), which permits withdrawal if the client "renders it unreasonably difficult for the [attorney] to carry out the employment effectively."  Baker represents that defendant has ceased all business operations, "is no longer an active company," has no assets that can be distributed to creditors, and "has no

5

office, telephone, email, employees, or forwarding contact information in the United States." (Frandsen Decl. ¶¶ 2, 6.) Baker contends that withdrawal is appropriate because defendant is unresponsive and "unwilling or unable to communicate," and this has rendered it unreasonably difficult for Baker to carry out its employment effectively. (Mot. at 1 (Docket No. 57-2).)

Baker's representations to the court do not appear to be entirely true. A simple internet search for "Ann Payne's Caveman Foods" reveals that defendant is indeed an active company that is headquartered in Toronto, Ontario, Canada. See Ann Payne's Caveman Foods, http://www.annpaynescavemanfoods.ca (last visited Oct. 29, 2015).[2] Defendant's actively-maintained website displays products that correspond to those alleged in plaintiff's complaint. (See Compl. ¶¶ 24-26, Ex. K (Docket No. 1).)[3] Visitors can also view defendant's numerous press releases, including its most recent press release from October 2015. Ann Payne's Caveman Foods Announces the Addition of the Twist-Off Crown Cap (Oct. 8, 2015), http://www.annpaynescaveman foods.ca/press14a.html.[4] Its press release from October 2014 further corroborates defendant's identity, explaining that

---

[2] The court takes judicial notice of internet pages pursuant to Federal Rule of Evidence 201(c). See Knievel v. ESPN, 393 F.3d 1068, 1076-77 (9th Cir. 2005).

[3] See also Emily Uhre, Ann Payne's Caveman Foods, The Fussy Fork (Oct. 4, 2013), http://www.thefussyfork.com/caveman-foods/ (blog article about defendant's products with pictures and descriptions resembling those in Exhibit K of plaintiff's complaint (Docket No. 1-11)).

[4] Defendant's press releases are also available on other, easily accessible websites such as Yahoo! Finance. E.g., Ann Payne's Caveman Foods Announces the Addition of the Twist-Off Crown Cap, Yahoo! Finance (Oct. 16, 2015, 3:55 PM), http://finance.yahoo.com/news/ann-paynes-caveman-foods-announces-195500870.html.

1  defendant had changed its domain name "to clarify some confusion
2  in the United States . . . over a marketing subsidiary with a
3  similar name."  Ann Payne's New Website Stresses Canadian
4  Headquarters! (Oct. 28, 2014), http://www.annpaynescavemanfoods.
5  ca/press14d.html.
6        Most importantly, defendant's website lists its current
7  mailing address, phone numbers, email addresses, the names and
8  contact information of its representatives, the addresses of
9  eight retailers that sell defendant's product, and upcoming
10 events that defendant's agents will attend in the near future.
11 The foregoing information indicates that defendant is actively
12 engaged in business operations, has assets that can be
13 distributed to creditors, and publicly provides its "office,
14 telephone, email, [and] forwarding contact information" in
15 Canada.  Because there is no evidence that Baker attempted to
16 contact defendant using the foregoing information, Baker's
17 contentions that defendant is unresponsive and "unwilling or
18 unable to communicate" seem unfounded.  See Truesdell v. S. Cal.
19 Permanente Med. Grp., 293 F.3d 1146, 1153 (9th Cir. 2002).
20       Pursuant to Federal Rule of Civil Procedure 11, the
21 Baker attorneys certified that they "conducted a reasonable
22 inquiry and have determined that any papers filed with the court
23 are well grounded in fact."  Cooter & Gell v. Hartmarx Corp., 496
24 U.S. 384, 393 (1990).   Here, it does not appear to the court
25 that Baker conducted the minimal inquiry required to verify
26 whether its representations regarding defendant were accurate.
27 Their apparent "failure to investigate [thus] fell below the
28 requisite standard established by Rule 11."  Christian v. Mattel,

7

1  Inc., 286 F.3d 1118, 1129 (9th Cir. 2002).

2         It also appears that Baker has failed to comply with
3  Rule 3-700(A)(2) as it had not made sufficiently diligent
4  attempts to locate defendant or notify defendant of the motion.
5  Baker indicates that it attempted to notify defendant of the
6  renewed motion by mailing notice only to defendant's registered
7  address in Pennsylvania and by emailing the last-known email
8  address of one of defendant's former representatives.  (Frandsen
9  Decl. ¶¶ 7, 9, Ex. A.)  At the hearing on the motion, Baker
10 indicated that these notices were undeliverable.  Courts that
11 have granted an attorney's motion for withdrawal based on the
12 attorney's inability to contact the client have required more
13 extensive evidence of the attorney's attempts to locate and
14 notify the client.  E.g., Bd. of Trs. of IBEW Local Union No. 100
15 Pension Trust Fund v. Porges, Civ. No. 1:11-2048 LJO, 2013 WL
16 684697, at *2 (E.D. Cal. Feb. 22, 2013) (denying motion to
17 withdraw because counsel "failed to set forth the efforts used to
18 notify the clients, and failed to file a proof of service
19 indicating that the motion had been served").

20        In its motion, Baker relies on Hill Design Group v.
21 Wang, Civ. No. C04-521 JF (RS), 2006 WL 3591206 (N.D. Cal. Dec.
22 11, 2006), since the attorney there was also notified that the
23 defendants shut down their offices and were no longer doing
24 business in the United States.  Id. at *1-2.  Unlike Baker's
25 efforts to contact defendant here, however, the attorney in Wang
26 provided evidence that it attempted to notify the defendants at
27 their home, office, and cellular phone numbers, sent them faxes
28 and numerous emails, attempted to contact them through their

8

website, and mailed them notice with delivery confirmation and UPS signature requests. Id.

Similarly, in Correia v. The National Railroad Passenger Corp., Civ. No. 14-4504 DMR, 2015 WL 4606064 (N.D. Cal. July 31, 2015), the court held that counsel complied with Rule 3-700(A)(2) where counsel obtained a comprehensive report of the client's contact information, had called, emailed, and mailed the client notice with return receipt requested, used an address obtained through Facebook, contacted the client's friends and acquaintances, and hired an investigator to help locate the client and serve him with the motion to withdraw). Lastly, in El Hage, 2007 WL 4328809, the court granted the attorney's request to withdraw after it had called, mailed, and emailed the client, contacted the publisher of a book written by the client, performed internet searches on three different websites that specialized in compiling personal information, conducted a search "using Accurint, a LexisNexis company that compiles personal data based on public records and other sources," completed a forwarding address request with the United States Postal Service, and sent notice by registered mail to all addresses that reasonably appeared to be the client's during the attorney's investigation. Id. at *1-3.[5]

---

[5] Baker further relies on Sanchez v. City of Fresno, Civ. No. 1:13-291 LJO BAM, 2013 WL 5274276 (E.D. Cal. Sept. 17, 2013), for the proposition that the "lack of a cooperative relationship between an attorney and his client may justify the attorney's withdrawal." Id. at *2. Sanchez did not involve an entity, but an individual who could proceed in propria persona. Id. at *3. Baker's reliance on S.E.C. v. Souza, Civ. No. 2:09-2421 FCD KJM, 2010 WL 2231822 (E.D. Cal. June 2, 2010) is similarly misplaced: counsel in Souza never intended to appear on behalf of the

1  Furthermore, and most importantly, granting Baker's
2  motion to withdraw would effectively place defendant in immediate
3  violation of the Local Rules since it would no longer have
4  counsel to represent it.  See E.D. Cal. L.R. 180(a) ("A
5  corporation or other entity may appear only by an attorney.");
6  Clancy v. Bromley Tea Co., Civ. No. 12-3003-JST, 2014 WL 212603,
7  at *2 (N.D. Cal. Jan. 17, 2014) ("Defending a civil suit without
8  the benefit of counsel is problematic enough for an individual,
9  but as corporations, Defendants may not appear pro se.").  As an
10 unrepresented LLC, defendant would thus be subject to the entry
11 of default and default judgment.  See Emp. Painters' Trust, 480
12 F.3d at 998; see also Galtieri-Carlson v. Victoria M. Morton
13 Enters., Inc., Civ. No. 2:08-1777, 2010 WL 3386473, at *2-3 (E.D.
14 Cal. Aug. 26, 2010) (sanctioning corporate defendants by striking
15 their answer when they failed to retain alternate counsel after
16 the withdrawal of their original counsel).

17 "It is the duty of the trial court to see that the
18 client is protected, so far as possible, from the consequences of
19 an attorney's abandonment."  Magellan, 2009 WL 3367489, at *2
20 (denying motion to withdraw where corporation would be left
21 unrepresented by counsel).  The court may also deny an
22 "attorney's request to withdraw where such withdrawal would work
23 an injustice or cause undue delay."  Id.  Because no potential
24 substitute counsel has appeared on behalf of defendant and the
25 parties have not made the court aware of any, granting Baker's

---

27 defendants, disagreed with them over the direction of settlement
   negotiations, and argued that defendants did not pay the fees
28 associates with their defense.  Id. at *1.

10

motion at this time would cause an injustice by leaving defendant in a judicial stalemate until a replacement attorney can be located.  The court will not allow the undue delay "that would result from waiting for a party, who is apparently uninterested in litigation, to begrudgingly locate an attorney to assist them in continuing the litigation they seek to avoid."  Id. at *3.

In order to protect defendant's interests in this matter, the court cannot allow Baker to withdraw under these circumstances.  Given that Baker has failed to provide sufficient grounds for withdrawal and has failed to comply with Rule 3-700(A)(2), the motion to withdraw is denied.  The court will allow Baker to withdraw only if if it locates replacement counsel for defendant.  Cf. Duran v. City of Porterville, Civ. No. 1:13-370 AWI, 2013 WL 5352703, at *2 (E.D. Cal. Sept. 24, 2013) (["B]y seeking substitute counsel on Plaintiff's behalf, Counsel has taken reasonable steps to avoid any foreseeable prejudice to Plaintiff").  Having undertaken to represent defendant as counsel of record in this action, it is Baker's duty to continue to represent its client to the best of its ability, unless and until relieved by the court.  See Local Rule 182(d) ("The authority and duty of the attorney of record shall continue until relieved by order of the Court.").

IT IS THEREFORE ORDERED that defense counsel Nancy Rubner Frandsen, Jacqueline M. Lesser, Kevin M. Bovard, and the law firm of Baker & Hostetler, LLP's renewed motion to withdraw as counsel of record for defendant be, and the same hereby is, DENIED without prejudice to refile only upon an appearance by substitute counsel of record for defendant.

Dated:  November 4, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE